NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 28 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LUIS VALENCIA GUTIERREZ;
ANGELINA ZEPEDA CHAVEZ;
M. R. V. Z.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No.    20-73040

Agency Nos.    A202-158-370
                        A202-158-371
                        A202-158-372

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 24, 2026[**]
Seattle, Washington

Before:  W. FLETCHER and KOH, Circuit Judges, and RAYES,[***] District Judge.

Lead Petitioner Jose Luis Valencia Gutierrez; Rider Petitioner Angelina

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel previously granted Respondent's unopposed motion to submit this case on the briefs and record (Dkt. 36).

[***]    The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Zepeda Chavez, his wife; and Rider Petitioner M. R. V. Z., his minor daughter (collectively, "Petitioners") are natives and citizens of Mexico. Petitioners seek review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying Lead Petitioner's claims for asylum, withholding of removal, humanitarian asylum, and protection under the Convention Against Torture ("CAT") and Rider Petitioners' derivative claims for asylum.[1] We have jurisdiction under 8 U.S.C. § 1252. We deny all petitions as to asylum and humanitarian asylum. We deny Lead Petitioner's petition as to withholding of removal, grant the petition as to CAT, and remand to the BIA for further proceedings.

We review the agency's legal conclusions de novo. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We review the agency's factual findings for substantial evidence, and the agency's findings will be upheld unless "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (quoting *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022)).

---

[1] Under the Immigration and Nationality Act ("INA"), spouses and children as defined in 8 U.S.C.A. § 1101(b)(1)(A-E) may assert derivative asylum claims. *See* 8 U.S.C. § 1158(b)(3). The INA does not provide for derivative withholding claims, nor do the CAT implementing regulations provide for derivative CAT claims. *See* 8 U.S.C. § 1231(b)(3) (not providing derivative relief for withholding claims); 8 C.F.R. § 1208.16(c) (not providing derivative relief under CAT); *Oscar v. Bondi*, 135 F.4th 777, 779 n.1 (9th Cir. 2025).

2

1. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal." *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023).

The agency properly denied Petitioners' claims for asylum and Lead Petitioner's claim for withholding of removal. First, the BIA did not err in declining to reach the merits of the additional proposed social groups raised by Petitioners for the first time on appeal. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) (holding that "the Board did not err when it declined to consider [Petitioners'] proposed particular social groups that were raised for the first time on appeal").

Second, substantial evidence supports the BIA's conclusion that the harms faced by Lead Petitioner were motivated by economic or personal reasons rather than on account of any protected ground. Lead Petitioner testified that he was beaten and threatened by members of the "rural police" after Lead Petitioner refused to join them. Forced recruitment does not constitute persecution absent a showing that the petitioner "was forcibly recruited *on account of* any of the

statutorily prohibited reasons." *Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000). Lead Petitioner testified that the rural police wanted Lead Petitioner to join them "[s]o that they have more people" to fight the Knights Templar, a cartel. When Lead Petitioner refused, the rural police threatened him and told him to leave the town "just because they don't like [him]" and because the rural police desired to "steal everything that one has," including Petitioners' land. This testimony does not show that the rural police were "motivated by anything other than [Lead Petitioner's] refusal to join them" or a desire for Petitioners' property. *Tecun-Florian v. I.N.S.*, 207 F.3d 1107, 1109 (9th Cir. 2000); *see Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (victimization for purely economic and personal reasons does not constitute persecution on account of a protected ground), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). The lack of a nexus to a protected ground is dispositive of Petitioners' asylum and Lead Petitioner's withholding of removal claims. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (holding that a petitioner must show a nexus to a protected ground in order to establish an asylum or withholding of removal claim).

2.      The BIA did not err in denying Petitioners' claims for humanitarian asylum. "[I]n order to be eligible for asylum under [8 C.F.R. § 1208.13(b)(1)(iii)(B)], an applicant must still establish past persecution on

account of a protected ground." *Belishta v. Ashcroft*, 378 F.3d 1078, 1080 (9th Cir. 2004). Because Petitioners failed to establish past persecution on account of a protected ground, Petitioners are not eligible for humanitarian asylum.[2]

3. "Under the CAT's implementing regulations, the applicant bears the burden of proof to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Lanza v. Ashcroft*, 389 F.3d 917, 935-36 (9th Cir. 2004) (internal quotation marks and citations omitted). "[T]he petitioner must demonstrate that he would be subject to a particularized threat of torture, and that such torture would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (emphasis omitted) (quoting *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008)). "CAT's implementing regulations explicitly require the agency to consider 'all evidence relevant to the possibility of future torture,' and we have repeatedly reversed where the agency has failed to do so." *Parada v. Sessions*, 902 F.3d 901,

---

[2] Respondents argue that Petitioners waived several issues related to their asylum, humanitarian asylum, and withholding of removal claims. Because the government briefed the issues and would not be prejudiced by our review of the issues, we assume without deciding that Petitioners did not waive them. *United States v. Ullah,* 976 F.2d 509, 514 (9th Cir. 1992) ("[W]e have discretion to review an issue not raised by appellant when it is raised in the appellee's brief[, and] . . . if the failure to raise the issue properly did not prejudice the defense of the opposing party." (citation modified)).

914-15 (9th Cir. 2018) (gathering examples).

Here, the agency failed to consider all the relevant evidence before it. The relevant evidence included Lead Petitioner's credible testimony and materials submitted by Lead Petitioner, including a 2015 human rights report and articles about the rural police. The IJ relied solely on Lead Petitioner's testimony in determining that the rural police were not government officials or acting with the consent or acquiescence of the government. Neither the IJ nor BIA addressed significant evidence submitted by Lead Petitioner demonstrating that the Mexican government registered, organized, and provided material support to rural police forces in the state of Michoacan.[3] "Because the BIA failed to consider the [relevant evidence] at all, the proper course of action is to remand with instructions that the BIA reconsider [Lead Petitioner's] CAT claim in light of the [relevant evidence]." *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010).

**PETITIONS DENIED IN PART; GRANTED AND REMANDED IN PART.[4]**

---

[3] We do not reach the issue of whether the record evidence ultimately shows a likelihood of torture by the government or with the government's acquiescence.

[4] The motion for stay of removal (Dkt. 1) is granted as to Lead Petitioner and is denied as to the Rider Petitioners.